United States District Court
Southern District of Texas

**ENTERED**

December 19, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEREMY BOURNE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-312 |
| | § | |
| TRIO EQUIP RENTAL & SERVICES | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Jeremy Bourne, individually and on behalf of others similarly situated, filed this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. against his employer, Defendant Trio Equipment Rental & Services, LLC (Trio), along with Defendants Vince Haigood, Danny Haigood, and Wylie Haigood (jointly Haigoods), alleging failure to pay required overtime compensation. Before the Court is Plaintiffs' Motion for Partial Summary Judgment (D.E. 42), seeking summary judgment that Defendants failed to pay overtime, triggering compensatory actual damages, and that they did so willfully, triggering liability for additional liquidated damages.

Defendants filed their Response (D.E. 45) claiming that the bonus payments they made to their employees are to be treated as overtime premiums and that they consulted their independent accountant to ensure that they were in compliance with the FLSA before proceeding with this payment methodology. Plaintiffs filed a Reply (D.E. 46).

For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### A. Liability for Overtime Pay

#### 1. Burden of Proof

It is undisputed that Plaintiffs are entitled to overtime compensation in that they are not exempt from the overtime provision of the FLSA.  D.E. 7, p. 11, ¶ 41; D.E. 8, p. 11, ¶ 41 (Defendants do not claim any exemption).  *See generally,* 29 U.S.C. § 207(a) (overtime requirement, § 213 (exemptions).  To prevail in an action to recover damages for unpaid overtime compensation, it is the plaintiff's burden to demonstrate:  "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due."  *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).  The first two issues are undisputed as to both Trio and the Haigoods.  The fourth issue is expressly reserved for trial.

#### 2. Standard of Review

The only question for the Court to determine with respect to liability for actual compensatory damages is whether the employees received time-and-a-half of their regular rate of pay for all hours worked over 40 in a workweek.  29 U.S.C. § 207(a)(1).  This is a question of mixed fact and law for the Court.  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981) (describing issues such as the regular rate of

pay and workweek as complex mixed questions of fact and law).[1]  That is because "The keystone of Section 7(a) is the regular rate of compensation.  On that depends the amount of overtime payments which are necessary to effectuate the statutory purposes.  The proper determination of that rate is therefore of prime importance."  *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).

The treatment of the regular rate as a question for the Court is derived from the need for the Court to look beyond what the parties have purported to do in order to prevent artificial end-runs around the FLSA's remedial provisions.

> [T]he freedom of contract does not include the right to compute the regular rate in a wholly unrealistic and artificial manner so as to negate the statutory purposes.  Even when wages exceed the minimum prescribed by Congress, the parties to the contract must respect the statutory policy of requiring the employer to pay one and one-half times the regular hourly rate for all hours actually worked in excess of 40.  Any other conclusion in this case would exalt ingenuity over reality and would open the door to insidious disregard of the rights protected by the Act.

*Walling v. Helmerich & Payne*, 323 U.S. 37, 42 (1944).  "Courts have often disregarded an employer's assertions of an overtime payment system and have found that a fixed weekly wage covered all working hours indiscriminately."  *Nunn's Battery & Elec. Co. v. Goldberg*, 298 F.2d 516, 519 (5th Cir. 1962).

## 3.  Facts

The undisputed evidence is that the employees, who are oilfield workers, were paid a salary, together with a bonus of $100 to $150 and a per diem of $15, depending

---

[1]  *Olibas v. Barclay*, 838 F.3d 442, 451 (5th Cir. 2016) (describing the number of hours worked as a question of fact for the jury and the regular rate and calculation of overtime premium due to be questions of law for the court).

upon where they were assigned to work.  If assigned to the shop or yard, they worked

five to ten hours a day and received only the salary.  If assigned to a well site out in the

field, they worked 12 to 16 or more hours a day and received the salary, bonus, and per

diem.  The employees reported their shifts or days worked to Defendants without

reference to any actual hours until Defendants' pay practices changed on or about June

25, 2015.

Plaintiffs contend that they were paid no overtime under that pay scheme—that the

bonuses were a non-discretionary part of their regular pay.  *See* Trio's Responses to

Requests for Admission, D.E. 42-4, p. 10 (request 31).  The amount was determined not

on the basis of specific hours worked but as an industry standard for a base rate in the

competition to attract workers.  *See* Danny Haigood Deposition, D.E. 42-3, pp. 9-10

(internal pp. 33-34).  Plaintiffs further note that their pay stubs make no mention of actual

hours worked.  At best, Defendants assert that, through Danny Haigood, they had an

apparently unspoken subjective intent that the bonuses constituted overtime.

### 4.  Liability for Overtime Pay - Conclusion

The pay methodology at issue here raises a single dispositive question for the

Court:  Does the standard bonus paid with every shift worked in the field (and no shift

worked in the shop or yard) constitute a portion of regular pay or is it overtime pay?  The

Court HOLDS that the bonuses constitute a part of regular pay.  Defendants are liable

under 29 U.S.C. § 207(a) for failure to pay overtime premiums for all hours worked over

40 in a workweek.

Defendants' bonus payments were made regularly on the basis of longer oilfield shifts worked. Bonuses were paid on a per-shift basis, whether or not the employee worked more than 40 hours in a workweek. Likewise, they were not paid in connection with yard or shop shifts, regardless of whether the employee worked more than 40 hours in a workweek. And the payment of additional compensation with the performance of shifts routinely lasting four or more hours longer than the shifts in the shop or yard is consistent with a concept of payment of straight-time.

Nothing in their nature compels the conclusion that bonuses could only represent overtime compensation. There is no evidence of an agreement between the parties to treat the bonus payments as overtime rather than as payment of straight-time for the additional hours expected to be worked for the shifts out in the field. Most telling, there is no evidence that Defendants considered the actual hours worked when computing the bonus payments.

Because the bonus payments constitute a portion of straight-time pay, they are to be included in the calculation of "regular pay" pursuant to 29 C.F.R. § 778.109. No part of the bonus payments may be arbitrarily treated as overtime pay. It is undisputed that the per diems were expense reimbursements that do not count as regular pay or as overtime pay. *See* 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(a). Therefore, Plaintiffs are entitled to overtime equivalent to an additional half-time premium over the regular rate already paid, for all hours worked over 40. The overtime premium is based on a regular rate that includes all salary and bonus payments for the workweek divided by all hours actually worked in the workweek. 29 C.F.R. §§ 778.109, 778.111.

### B. Willfulness and the 3-Year Statute of Limitations

#### 1. Burden of Proof

Plaintiffs bear the burden of proving willfulness. *See Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir.1990).  A willful violation of the FLSA changes the statute of limitation from two years to three years, permitting Plaintiffs to recover damages for unpaid overtime and liquidated damages going back three years in time.  29 U.S.C. § 255(a).  The Supreme Court has adopted the standard of willfulness set out in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985) for FLSA cases. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  "[A] violation is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Thurston, supra*.  Plaintiffs do not contend that Defendants actually knew that their bonus plan violated FLSA overtime requirements.   So the question is whether they adopted that plan in reckless disregard of FLSA.

#### 2. Standard of Review

Whether a violation is willful is a question of fact reserved for the finder of fact. See *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009); *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1036 (5th Cir. 1993). Plaintiffs seek partial summary judgment on this issue as a matter of law on the basis that there is no disputed issue of material fact for the jury. *See* Fed. R. Civ. P. 56.

Willful behavior requires more than simply unreasonable conduct. *McLaughlin,* 486 U.S. at 135 n.13 (1988).  Neither is negligent conduct sufficient. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990).  And an employer's failure to obtain

legal advice regarding FLSA compliance does not itself establish willfulness. *Id*. To be entitled to summary judgment on this issue, Plaintiffs must demonstrate that there is no question but that Defendants acted with reckless disregard—that their conduct rises to a level that indicates they were willing to take a real risk that their pay scheme violated the FLSA.

### 3. Facts

Danny Haigood admitted in his deposition that he always knew that his workers were entitled to overtime, but he never did any research into whether he was paying overtime correctly with the bonus structure. He states that it was his intention that the bonuses would suffice as overtime payment, noting that the bonuses were paid only for the longer shifts associated with field work. It was only when he changed accountants in March or April of 2015, that the new accountant suggested that he move to an hourly rate payment scheme with actual calculation of overtime hours and pay premium. D.E. 42-3, pp. 8 (internal p. 26), 12 (internal p. 42).

In his affidavit, Danny Haigood testifies that he consulted his outside accountant on the overtime issue. But it does not state which accountant or at what time. Thus it does not controvert his deposition testimony that he first inquired into the FLSA compliance issue when his new accountant brought it up in the spring of 2015. *See generally*, D.E. 45-1.

### 4. Wilfullness – Conclusion

Plaintiffs argue that Defendants did not consult with the Department of Labor regarding their claimed use of the bonus payments as a substitute for the overtime

premiums due.  Rather than seek compliance with the FLSA, they sought only to match the expectations of their employees—as shown by industry standards in competing for a workforce.  While Defendants claim to have consulted an accountant, Danny Haigood's deposition testimony indicates that the consultation happened only in the spring of 2015.

A genuine issue of material fact precludes summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court FINDS that Plaintiffs' evidence is sufficient to submit the question of Defendants' willfulness to the jury but that their evidence is not conclusive under summary judgment requirements.

## CONCLUSION

For the reasons set out above, the Court GRANTS IN PART Plaintiffs' motion for partial summary judgment (D.E. 42) with respect to Defendants' liability for failure to pay overtime.  The motion is DENIED IN PART with respect to the question of whether Defendants acted willfully.

ORDERED this 19th day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE