**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JEREMY BOURNE, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF ALL OTHERS** | § | |
| **SIMILARLY SITUATED** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 2:15-CV-312** |
| | § | |
| **TRIO EQUIP. RENTAL & SERVICES,** | § | |
| **LLC., VINCE HAIGOOD, DANNY** | § | **JURY TRIAL DEMANDED** |
| **HAIGOOD, AND WYLIE HAIGOOD,** | § | |
| **INDIVIDUALLY,** | § | |
| *Defendants*. | § | |

**<u>JOINT PRETRIAL ORDER</u>**

**1.     APPEARANCE OF COUNSEL**

   **Plaintiff(s):**

   Represented by:
   Galvin B. Kennedy
   gkennedy@kennedyhodges.com
   State Bar No. 00796870
   David W. Hodges
   dhodges@kennedyhodges.com
   State Bar No. 00796765
   Federal No. 20460
   4409 Montrose Blvd. Ste #200
   Houston, TX 77006
   Telephone: (713) 523-0001
   Facsimile: (713) 523-1116

**Defendant(s):**

Trio Equipment Represented by:
Paul Dodson
Paul@PaulDodson.net
State Bar No. 05942000
Federal No. 348
218 Leming Ave.
Corpus Christie, TX 78404
Tel: 361.364.7415
Fax: 361.2237.1963

Haigood Defendants Represented by:
Kim A. Cox
KimACox@aol.com
State Bar No. 04951500
Federal No. 346
701 Ayers
Corpus Christie, TX 78404
Tel: 361.883.3265
Fax: 361.884.9576

## 2.      STATEMENT OF THE CASE

Plaintiff Jeremy Bourne brought this action for unpaid wages on behalf of himself and all others similarly situated under the Fair Labor Standards Act ("FLSA") against Defendants Trio Equip. Rental & Services, LLC., Vince Haigood, Danny Haigood, and Wylie Haigood (collectively "Defendants") on July 23, 2015. Plaintiff was a manual laborer who performed services including, but not limited to, helping with equalizing pressure on the wells, rigging up and down, putting well heads together, and building fracking sites. This matter was conditionally certified and twelve (12) opt-in Plaintiffs joined this cause of action. The Opt-In Plaintiffs are: Christopher Anderson, Jeremy Bourne, Thomas Gnuschke, Gabriel Perez, Morris Saenz, Mark Gonzalez, Thomas Duncan, Steven Cortez, John Alfaro, Carlos Cantu, Logan Poston, and Adan Fuentes. Defendants paid the Plaintiffs a salary and a job bonus.  The Plaintiffs filed a Motion for Summary Judgment on liability.  The Court found that Defendants violated the FLSA by failing to pay the Plaintiffs overtime under the FLSA.  The Court found that there is a fact issue regarding whether the Defendants committed this violation willfully and thus the three-year statute of limitations applies. Accordingly, the issues at trial are the amount of overtime the Plaintiffs are owed, whether this calculation encompasses a third year.  Moreover, the Court must decide whether the Defendants can prove good faith in order to mitigate liquidated damages.  Lastly, in the event there is a verdict in favor of Plaintiff(s), Plaintiffs will present their claim for attorney's fees and costs to the court.

## 3.      JURISDICTION

This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

Jurisdiction is not disputed.

## 4.    MOTIONS

None, other than Motions in Limine.

## 5.    CONTENTIONS OF THE PARTIES

**Plaintiffs' Contentions:**

Plaintiffs contend that Defendants willfully violated the FLSA's provisions governing overtime and minimum wage compensation by failing to pay Plaintiffs time-and-a-half for hours worked over forty during a workweek. Specifically, Plaintiffs contend that during the three-year period preceding the filing of this action and continuing through the present, Defendants violated the provisions of 29 U.S.C. § 778 by failing to include non-discretionary bonuses in the manual laborers' regular rate of pay before applying an overtime multiplier. Defendants failed to pay any premium hours worked in excess of forty (40) in a workweek to Plaintiffs. Defendants paid Plaintiff only a salary, bonus, and per diem, and failed to convert Plaintiff's salary into an hourly rate and paid time-and-one-half for hours worked over forty during a workweek.

Plaintiffs further contend that Defendants Vince Haigood, Danny Haigood, and Wylie Haigood are individually liable under the FLSA as an employer. Plaintiffs contend that the individual Defendants (1) possessed the power to hire and fire the Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  Accordingly, he is liable under the FLSA as an employer of the Plaintiffs.

Finally, Plaintiffs contend that Defendant is liable for their attorneys' fees, expenses, and court costs pursuant to 29 U.S.C. § 216(b).

**Defendants' Contentions:** See Defendant's version.

## 6.    ADMISSIONS OF FACT

1. That the Plaintiff is Jeremy Bourne and Opt-In Plaintiffs are Thomas Gnuschke, Gabriel Perez, Morris Saenz, Mark Gonzalez, Thomas Duncan, Steven Cortez, John Alfaro, Carlos Cantu, Logan Poston, Adan Fuentes, and Christopher Anderson (collectively "Plaintiffs").
2. That at all relevant times, Defendants has and continues to be an enterprise within the meaning of 29 U.S.C. § 203(r).
3. That Defendants violated the FLSA by failing to pay Plaintiffs overtime.

4. That Defendants are employers as defined under the FLSA.
5. That Plaintiff and Opt-In Plaintiffs worked for Defendants during the applicable statute of limitations.
6. That when a bonus was paid, Plaintiffs worked at least 12 hours that day.
7. That when the Plaintiffs worked in the shop, they worked at least 8 hours that day.
**8.** That the Plaintiffs' damage model based on 12 hours per day is an accurate representation of hours worked and overtime owed.

## 7.    CONTESTED ISSUES OF FACT

The contested issues of fact are whether Defendants violated the FLSA willfully, and whether Defendants can prove good faith. The parties also disagree on the calculation of damages.

## 8.    AGREED PROPOSITIONS OF LAW

The parties agree that the FLSA applies and that Defendants did not pay overtime as required by the FLSA.  The parties agree that the Defendants bear the burden of proving they acted in good faith for purposes of making liquidated damages discretionary, and that the Plaintiffs bear the burden of proving that the Defendants acted intentionally or with reckless disregard for purposes of proving willfulness.

## 9.    CONTESTED PROPOSITIONS OF LAW

None.

## 10.    EXHIBITS

See Plaintiffs' attached exhibit list.

See Defendant's attached exhibit list.

## 11.    WITNESSES

See Plaintiffs' attached Witness list.
See Defendants' attached Witness list.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

## 12.    SETTLEMENT

The parties are actively engaged in settlement discussions even as they prepare this filing. They are making progress, but have not reached a final agreement at this time.

**13.   TRIAL**

The parties anticipate trial lasting approximately 5 days.

**14.   ATTACHMENTS**

1.  Plaintiffs' Exhibit List;
2.  Plaintiffs' Witness List;
3.  Plaintiffs' Proposed Voir Dire Questions; and
4.  Plaintiffs' Proposed Jury Charge.


Signed this _____ day of _____ 2017.



_____
Date

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**


**APPROVAL:**



_____                    _____
Counsel for Plaintiff(s)                                          Counsel for Defendant(s)